# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TIEMOKO COULIBALY,
   Appellant,

  v.

DEPARTMENT OF STATE,
   Agency.

DOCKET NUMBER
DC-1221-13-0440-W-1

DATE: September 24, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Tiemoko Coulibaly, Silver Spring, Maryland, pro se.

Jennifer I. Toole, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective June 19, 2011, the agency appointed the appellant to the excepted service position of Training Instructor (French) in the Foreign Service Institute's School of Language Study. Initial Appeal File (IAF), Tab 17 at 33-38. The appointment was temporary—not to exceed 2 years—and was subject to the successful completion of a 1-year trial period. *Id*. at 36. The agency terminated the appellant's employment effective April 6, 2012, for inappropriate conduct toward his supervisors and failure to follow leave requesting procedures. *Id*. at 33-34.

¶3 The appellant filed the instant IRA appeal and requested a hearing. IAF, Tab 1 at 2. The administrative judge notified the appellant of how to establish jurisdiction over his appeal and ordered him to file a statement, accompanied by evidence listing:

> (1) your protected disclosure(s) or activity(ies); (2) the date(s) you made the disclosure(s) or engaged in the activity(ies); (3) the individual(s) to whom you made any disclosure(s); (4) why your belief in the truth of any disclosure(s) was reasonable; (5) the action(s) the agency took or failed to take, or threatened to take or fail to take, against you because of your disclosure(s) or activity(ies); (6) why you believe a disclosure or activity was a

contributing factor to the action(s); and (7) the date of your complaint to [the Office of Special Counsel (OSC)] and the date that it notified you it was terminating its investigation of your complaint, or if you have not received such notice, evidence that 120 days have passed since you filed your complaint with OSC.

IAF, Tab 8. The appellant subsequently filed 53 submissions, none of which contained the list that the administrative judge ordered him to submit. IAF, Tabs 9-16, 18, 21-28, 31-34, 36-40, 42-44, 46-51, 53, 56-63, 68-72, 74-77.

¶4 The appeal was assigned to a different administrative judge, who issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 54, Tab 78, Initial Decision (ID) at 1, 14. She found that the issues in the appeal were limited to the ones that the appellant raised before OSC's Complaints Examining Unit. ID at 5-6; IAF, Tab 10 at 90-108. She further found that the personnel actions involved included the appellant's April 6, 2012 termination, a 2009 nonselection for appointment, and various incidents of "harassment" and "humiliation." ID at 6. She found that the disclosures involved were a 2009 complaint to Diplomatic Security regarding workplace violence, and various subsequent complaints concerning the preferential treatment of the appellant's coworker and an alleged sexual relationship between that coworker and the Division Director.[2] ID at 6. After analyzing the appellant's submissions, the administrative judge concluded that he failed to make a nonfrivolous allegation that he reasonably believed that his disclosures evidenced any sort of wrongdoing under 5 U.S.C. § 2302(b)(8)(A), and that he failed to make a nonfrivolous allegation that his disclosures were a contributing factor to the personnel actions at issue. ID at 8-14.

¶5 Subsequently, the appellant filed, through the Board's e-Appeal system, a "Supplement" to a petition for review, consisting of a series of emails between

---

[2] The administrative judge found that the appellant was attempting to claim retaliation for equal employment opportunity (EEO) activity as well, but that the Board lacks jurisdiction over such matters in the context of an IRA appeal. ID at 6, 12-13.

the appellant and various third parties and Merit Systems Protection Board officials, as well as numerous items of supporting documentation. Petition for Review (PFR) File, Tab 1. The Clerk of the Board construed this filing as a petition for review and docketed it as such. PFR File, Tab 2. The agency filed a response to the petition for review, PFR File, Tab 9, and the appellant filed a reply to the agency's response, PFR File, Tab 14.

Procedural Matters on Petition for Review

¶6    Before proceeding to the appellant's arguments on review, we must address procedural matters pertaining to some of the pleadings that the appellant has filed on review.

¶7    Regarding the appellant's response to the acknowledgment letter, the appellant stated therein that he did not intend to file a petition for review but instead intended to seek judicial review of the initial decision once the initial decision became final. PFR File, Tab 6. The Clerk of the Board notified the appellant that his petition for review would continue to be processed unless he affirmatively withdrew it and that such withdrawal would be with prejudice to refiling. PFR File, Tab 7. The appellant did not withdraw his petition. In the context of this filing, the appellant made several complaints about the conduct of the proceedings below. PFR File, Tab 6 at 6-10. Under the Board's regulations, such arguments must be reserved for petitions for review, cross-petitions for review, responses to petitions and cross petitions, and replies to responses. 5 C.F.R. § 1201.114(a). We have therefore not considered these arguments in deciding whether the petition for review meets the criteria of 5 C.F.R. § 1201.115.

¶8    Regarding the appellant's motion for leave to submit additional evidence, he requests that he be allowed to submit additional documentation to show that he has suffered harm in the wake of the proceedings below. PFR File, Tab 17; *see* 5 C.F.R. § 1201.114(a)(5). We DENY the appellant's motion because this evidence is immaterial to the dispositive issue of Board jurisdiction. *See* 5 C.F.R.

§ 1201.115(k).    This submission also contains argument regarding the jurisdictional issue and the proceedings below.  PFR File, Tab 17 at 5-9.  For the reasons explained above in connection with the appellant's response to the acknowledgment order, we have not considered these arguments in deciding whether the petition for review meets the criteria of 5 C.F.R. § 1201.115.[3]  *Supra*, ¶ 9.

Arguments on Petition for Review

¶9        The appellant requests that his petition for review be forwarded to the Merit Systems Protection Board officials handling his Federal Tort Claims Act complaint as well as Merit Systems Protection Board "executives."  PFR File, Tab 1 at 8, 12, 20.  We decline to grant the appellant this requested relief.  *See* 5 U.S.C. § 1204 (listing the powers and functions of the Board in connection with an appeal claiming reprisal for whistleblowing); 5 C.F.R. § 1201.117(a) (indicating the scope of the Board's authority on petition for review).

¶10        The appellant argues at length that the adjudication below was deficient and that the administrative judges were biased against him and retaliated against him.  PFR File, Tab 1 at 5-9, 12, 14-16, 19-21, Tab 14 at 5-8, 17.  In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators.  *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980).  An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555, (1994)).  The appellant has not identified any comments or actions by the

---

[3] For the same reasons, we have not considered the appellant's motions for extensions of time in determining whether to grant the petition for review.  PFR File, Tabs 10, 12.

administrative judges involved in this appeal that would rebut that presumption of honesty and integrity. We find that the length of time that the adjudication took was not the product of any malfeasance but was rather due to the administrative judges' careful consideration of the parties' multiple motions and the appellant's numerous lengthy submissions, as well as the regional office's inundation with a large number of furlough appeals at the same time—a matter entirely outside the administrative judges' control. Nor do we find that the administrative judge ever indicated that she failed to review the record before issuing her initial decision. The administrative judge explained that it was not her obligation to pore through the record and make the appellant's case for him, ID at 9, 10, but our review of the initial decision shows that she nevertheless went to great lengths to make sense of this voluminous and disjointed record before issuing her decision, ID at 4-14. Furthermore, the administrative judge's failure to mention all of the evidence of record in her initial decision does not mean that she did not consider it. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Finally, the fact that an administrative judge rules against an appellant does not mean that she is biased. *Coufal v. Department of Justice*, 98 M.S.P.R. 31, ¶ 11 (2004).

¶11    The appellant also disputes the administrative judges' rulings on his several stay requests. PFR File, Tab 1 at 9-10, 12, 18, 21-22, Tab 14 at 5-8. Under 5 C.F.R. § 1209.11, a stay will remain in effect for the time period set forth in the stay order, or until the Board issues a final decision on the appeal of the underlying personnel action that was stayed, or until the Board vacates or modifies the stay, whichever occurs first. Therefore, even if the appellant's stay requests had been granted, this final decision would mark the end of the stay's effect. The issue is moot because there is no further relief that the Board could provide the appellant with regard to his stay requests. *See Milner v. U.S. Postal Service*, 118 M.S.P.R. 600, ¶ 4 (2012) (an issue is moot when there is no effective relief that the Board can provide).

¶12    The appellant argues that he was denied the opportunity to conduct discovery in his appeal.  PFR File, Tab 1 at 12, 15-16, 19-20.  We disagree.  The acknowledgment order set forth the time limits for conducting discovery and the procedures for doing so.  IAF, Tab 2 at 6-7.  The administrative judges in no way prevented the appellant from conducting discovery.  To the extent that the appellant was dissatisfied with the agency's responses to his discovery requests, it was incumbent upon him to file a motion to compel under 5 C.F.R. § 1201.73(c).  His failure to do so precludes him from raising the issue on review.  *Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006).

¶13    The appellant argues that, according to the Internal Revenue Service (IRS), he was an employee—not a contractor—when he began working for the agency several years before his June 19, 2011 appointment.  PFR File, Tab 1 at 17, Tab 14 at 8-13.  He argues that the IRS has exclusive authority to determine who is an "employee" and who is a "contractor," that his previous service satisfied the 1-year trial period for his most recent appointment, and that he was removed without due process.  PFR File, Tab 1 at 17.  As an initial matter, we disagree with the appellant that IRS determinations govern appointments in the civil service.  Although the IRS may have authority to determine contractor versus employee status for federal taxation purposes, civil service appointment and tenure is governed not by tax law but by civil service law, as administered by the Office of Personnel Management.  *See generally* 5 U.S.C. Part III.  In any event, we find that the appellant's employment status is immaterial to the jurisdictional issue.  As the appellant points out on review, one need not be an "employee" within the meaning of 5 U.S.C. chapter 75 in order to file an IRA appeal.  PFR File, Tab 1 at 17.  Rather, coverage extends to applicants for employment and anyone who meets the broader definition of "employee" in 5 U.S.C. § 2105.  *Ang v. Department of State*, 103 M.S.P.R. 324, ¶¶ 10-11 (2006).  It is undisputed that the appellant meets this definition.  The issue of whether the appellant was an

"employee" under 5 U.S.C. § 7511(a)(1) would be relevant only if this were an adverse action appeal, which it is not. When the appellant filed his complaint with OSC, he made a binding election to proceed through that forum rather than appealing directly to the Board under 5 U.S.C. § 7513(d).[4]  *See* 5 U.S.C. § 7121(g); *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 12 (2013).

¶14      The appellant argues that he has established a nexus between his EEO complaint and his termination. PFR File, Tab 1 at 6-7, 12-13, 15. However, filling an EEO complaint is protected under 5 U.S.C. § 2302(b)(9)(A)(ii)—not 5 U.S.C. §§ 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C) or (D). *See* 5 U.S.C. § 1221(a); *Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 690-92 (Fed. Cir. 1992). The Board lacks jurisdiction over reprisal for a disclosure made in the context of an EEO complaint unless the employee sought to remedy an alleged violation of section 2302(b)(8) within the EEO process. *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 6 (2013) (discussing coverage under the Whistleblower Protection Enhancement Act of 2012 for allegations raised in the context of an appeal, complaint, or grievance). Because the appellant did not show or allege that he was seeking to remedy such a violation in his EEO complaint, the administrative judge appropriately found that the appellant's EEO complaint was not a protected disclosure. ID at 13.

¶15      With regard to his 2009 complaint to Diplomatic Security regarding workplace violence, the appellant argues that his immediate supervisor, a Language Training Supervisor, became aware of this complaint once she became his supervisor in 2011. PFR File, Tab 1 at 17; IAF, Tab 10 at 121-24. He cites the Language Training Supervisor's EEO affidavit in support of this allegation

---

[4] Unlike the appellants in *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307 (2013), *Francis v. Department of the Air Force*, 120 M.S.P.R. 138 (2013), and *Agoranos v. Department of Justice*, 119 M.S.P.R. 498 (2013), the appellant in this case has not attempted to file any direct appeal of his termination that might cast doubt on whether his election to proceed through OSC was binding.

and argues that it shows that the complaint was a contributing factor to his termination. PFR File, Tab 1 at 17; IAF, Tab 11 at 135-59. For the following reasons, we disagree. First, we have reviewed the Language Training Supervisor's 25-page EEO affidavit, and, contrary to the appellant's assertion, we find no clear indication that she was aware of his complaint to Diplomatic Security. The Language Training Supervisor acknowledged that she was aware of a complaint that the appellant made to his former supervisor in 2009, IAF, Tab 11 at 136, but there is no reason to infer that this complaint was the same one that the appellant made to Diplomatic Security. Second, the appellant has not explained what influence, if any, the Language Training Instructor had over the termination decision.[5] *Cf. Marchese v. Department of the Navy*, 65 M.S.P.R. 104, 108-09 (1994) (an appellant may establish the contributing factor element by showing that an individual with actual knowledge of the disclosure influenced the official accused of taking the retaliatory action).

¶16      The appellant also argues that his complaint to Diplomatic Security was a contributing factor to his 2009 nonselection for appointment. PFR File, Tab 14 at 14-15. He alleges that the Division Director was angry about the complaint but that she denied knowledge of why the agency failed to select him for appointment a few months later. *Id*. at 15-16. We find that this allegation, even if true, would not establish that the complaint to Diplomatic Security was a contributing factor to the appellant's nonselection. The appellant has not explained what role, if any, the Division Director played in the nonselection decision. He implies that the Division Director's statement about her non-involvement in the selection process was untrue, but he has not explained why he believes that it was untrue. *Id*. We agree with the agency that the appellant's gesture toward the EEO counselor's

---

[5] The record contains a negative performance appraisal that the Language Training Supervisor completed for the appellant, but it postdates the termination decision. IAF, Tab 17 at 26-32. Furthermore, the Language Training Supervisor's EEO affidavit indicates that she played no role in the termination decision. IAF, Tab 11 at 152-54.

106-page report of investigation does not serve to cure the deficiency. PFR File, Tab 9 at 15, Tab 14 at 25; IAF, Tab 5 at 76-181; *see Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record); 5 C.F.R. § 1201.115(a) (a petition for review must be supported by specific references to the record).

¶17     The appellant argues that the Division Director was involved in his termination and that he made a nonfrivolous allegation that his complaints about her sexual relationship with a coworker were a contributing factor to the termination. PFR File, Tab 1 at 6-7, 11, 18-19, Tab 14 at 11, 17. As an initial matter, we agree with the appellant that he has made a nonfrivolous allegation that the Division Director influenced the termination decision. According to the Human Resources Specialist's EEO affidavit, the Division Director recommended the termination. PFR File, Tab 1 at 6, 11, Tab 14 at 11; IAF, Tab 13 at 50. The appellant also takes issue with the administrative judge's characterization of his allegations as being based on "gossip." PFR File, Tab 1 at 7, 18; ID at 11. While there may be more than gossip to substantiate the appellant's allegations, the appellant still has provided no basis to disturb the administrative judge's finding that the Division Director was unaware of any such disclosure prior to the termination. ID at 11. The appellant cites to a "Memorandum of Conversation" between the Division Director and the Associate Dean. PFR File, Tab 1 at 6, 11, 18, 146-47, Tab 14 at 17. He argues that this document shows that there was a connection between the Division Director and his termination. PFR File, Tab 1 at 6. For the reasons explained above, we agree with the appellant that he made a nonfrivolous allegation that the Division Director influenced the termination decision. However, the Memorandum of Conversation does not show that the Division Director was aware of any disclosure of an allegedly inappropriate relationship prior to the appellant's termination. PFR File, Tab 1 at 146-47. It

merely shows that the appellant brought this matter to the Associate Dean's attention after the termination occurred, that the Associate Dean questioned the Division Director about the matter, and that the Division Director denied any involvement in an inappropriate relationship. *Id.* Finally, to the extent that the appellant may have engaged in communications about this alleged relationship after he was terminated, he has not made a nonfrivolous allegation of contributing factor. PFR File, Tab 1 at 11, 18-19; *see Kukoyi v. Department of Veterans Affairs*, 111 M.S.P.R. 404, ¶ 13 (2009) (disclosures made after the agency has taken the personnel actions at issue cannot have been contributing factors in those personnel actions and do not meet the nonfrivolous allegation requirement).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request

review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.